IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS APPRENTICESHIP
AND TRAINING FUND, BUILDING & PUBLIC
WORKS LABORERS VACATION FUND, and
JOHN J. SCHMITT (in his capacity as Trustee),                 ORDER OF DEFAULT
                                                             JUDGMENT AGAINST
WISCONSIN LABORERS DISTRICT COUNCIL,                         DEFENDANT THE
                                                             BRISTOL GROUP, LLC

WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,                        17-cv-901-wmc

                         Plaintiffs,
        v.

THE BRISTOL GROUP, LLC,
METROSCAPES, LLC,

                         Defendants.

        Plaintiffs bring this ERISA action against an employer, The Bristol Group, LLC, based

on its failure to pay union dues and contributions to union funds as required under collective

bargaining and trust agreements.

        After defendant failed to answer, move or otherwise respond, the clerk entered default

on February 7, 2018. (Dkt. #12.) A hearing was then scheduled on plaintiffs' motion for

default judgment on September 12, 2018, at which defendant also failed to appear.

        For purposes of considering plaintiffs' requested judgment, the court accepts as true akk

well pleaded factual allegations in the original complaint.[1] The requested damages here consist

---

[1] On August 8, 2018, the court granted leave to plaintiffs' counsel "to file an amended complaint to
name a successor company." As reflected in the above caption, plaintiffs did so, naming Metroscapes,
LLC, as Bristol's successor. At that time, the court also scheduled the September 12 hearing on plaintiff's
motion for default judgment against the original defendant Bristol only. Obviously, any action against
the newly added defendant will have to await further proceedings.

of unpaid contributions by Bristol.  Since all of plaintiffs' claims to damages are well supported by detailed declarations, the court finds as follows:

1. Defendant Bristol has failed to plead or otherwise defend within the meaning of Fed. R. Civ. P. Rule 55(a).

2. Defendant Bristol violated the Labor-Management Relations Act of 1947, as amended, as well as the Employee Retirement Income Security Act of 1974, as amended, and the effective collective bargaining agreement by failing to pay fringe benefit contributions on behalf of its employees to the plaintiff funds as set forth in the original complaint.

3. Due to defendant Bristol's failure, plaintiffs are entitled to damages consisting of unpaid contributions.

4. Following entry of default by the clerk, plaintiffs have documented their damages (dkt. ##20-23) under Fed. R. Civ. P. 55(b)(2), which defendant Bristol also failed to dispute after ample notice and opportunities to be heard.

5. Consistent with that proof and discussion with plaintiffs' counsel at today's hearing, the court assesses the total damages against defendant The Bristol Group, LLC, as follows:

   a. in favor of plaintiff Wisconsin Laborers Health Fund in the amount of $263,076.40; and

   b. as required by defendant Bristol's collective bargaining agreement, in favor of Building Trades United Pension Fund on behalf of the other plaintiffs in the amount of $275,366.10.

Entered this 12th day of September, 2018.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge